ROBERT K. GORDON (Georgia Bar No. 302482)
gordonr@sec.gov
WILLIAM P. HICKS (Georgia Bar No. 351649)
hicksw@sec.gov
M. GRAHAM LOOMIS (Georgia Bar No. 457868)
loomism@sec.gov

Securities and Exchange Commission
950 E. Paces Ferry Road NE
Suite 900
Atlanta, GA 30326
Tel: (404) 842-7600
Fax: (404) 842-7666

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>YANNI TASSEV (a/k/a IANI TASSEV),<br><br>　　　　Defendant | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

Plaintiff, Securities and Exchange Commission (the "Commission"), alleges as follows:

## SUMMARY

1. This action concerns a fraudulent offering of securities perpetrated by Defendant Yanni Tassev ("Tassev") between approximately April 2022 and January 2023 ("the relevant period"), utilizing Sigmas Power, LLC ("Sigmas Power"), an entity that, upon information and belief, Tassev solely controlled during the relevant period.

2. During the relevant period, Tassev, while employed by Boxabl Inc. ("Boxabl"), obtained at least approximately $1.595 million from at least seven investor households through the offer and sale of securities, purportedly issued or to be issued by Boxabl, that Tassev did not own and/or could not convey or deliver. Tassev received these investor funds in a bank account in the name of Sigmas Power and misappropriated them.

## JURISDICTION AND VENUE

3. The Commission brings this action pursuant to Sections 20(b) and 20(d) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77t(b) and 77t(d)] and Sections 21(d) and 21(e) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d) and 78u(e)] to enjoin such acts, practices, and courses of business, and to obtain disgorgement, prejudgment interest, civil monetary penalties, and such other and further relief as this Court may deem just and appropriate.

4. Defendant was involved in the offer and sale of securities, as that term is defined under Section 2(a)(1) of the Securities Act [15 U.S.C. § 77b(a)(1)] and Section 3(a)(10) of the Exchange Act [15 U.S.C. § 78c(a)(10)].

5. Defendant, directly or indirectly, made use of the mails or means or instrumentalities of interstate commerce in connection with the conduct alleged herein.

6. This Court has jurisdiction over this action pursuant to Section 22 of the Securities Act [15 U.S.C. § 77v] and Section 27 of the Exchange Act [15 U.S.C. § 78aa].

7. This Court has subject matter jurisdiction over this action pursuant to Sections 20(b) and 22(a) of the Securities Act [15 U.S.C. §§ 77t(b) and 77v(a)]; Sections 21(d) and 27(a) of the Exchange Act [15 U.S.C. §§ 78u(d) and 78a(a)]; and 28 U.S.C. § 1331.

8. Venue in this District is proper because Defendant transacted business in the District of Nevada and because one or more acts or transactions constituting the violations alleged herein occurred in the District of Nevada.

## DEFENDANT

9. **Yanni Tassev** (a/k/a Iani Tassev), age 41, is a former Boxabl employee who, upon information and belief, presently resides in Bulgaria. On or about May 12, 2011, Tassev pled guilty to federal criminal charges of conspiracy to possess with intent to distribute marijuana and conspiracy to launder monetary instruments and was sentenced, on or about July 15, 2019, to time served (128 days) and five years of supervised release. *See generally U.S. v. Iani S. Tassev*, No. 1:11-CR-00228-GLS (N.D.N.Y.).

## RELATED ENTITIES

10. **Sigmas Power, LLC** (doing business as "3NERJI") is a Nevada limited liability company formed on January 28, 2021, and, on information and belief, during the relevant period was solely controlled by Tassev. At least seven investor households Tassev solicited to invest in Boxabl securities sent funds to a Sigmas Power bank account at Tassev's direction.

11. **Boxabl Inc.** (f/k/a Boxabl, LLC) is a Nevada entity headquartered in Las Vegas, Nevada, that manufactures homes. Boxabl recently registered its securities under Section 12(g) of the Securities Act. Boxabl securities are not traded on any exchange.

## FACTUAL ALLEGATIONS

12. On or about July 6, 2021, Boxabl hired Tassev as an "efficiency specialist." Tassev subsequently became involved with Boxabl's investor relations work and, according to one Boxabl organization chart dated November 7, 2022, was later designated Boxabl's Vice President of Investor Relations.

13. Upon information and belief, through his investor relations work for Boxabl, Tassev came to learn of and communicate with existing and potential investors in Boxabl securities. Tassev, beginning as early as April 2022, began approaching existing and potential Boxabl investors with various pitches of how he could facilitate their initial and/or additional investments in Boxabl securities.

14. Among other things, during some of these pitches Tassev represented to potential investors that, as a Boxabl employee, Tassev owned shares of Boxabl securities (or options on Boxabl securities) that he was willing to sell (or exercise and then sell) at a discount to the then-available offering price.

15. Tassev also represented or otherwise led potential investors to believe that he was able to facilitate investor purchases of Boxabl securities directly from Boxabl at prices lower than what otherwise might be available to the investor. Tassev further instructed potential investors to send their investment funds to a bank account in the name of Sigmas Power.

16. These representations were materially false and misleading. Tassev, while employed by Boxabl, participated in Boxabl's *Non-Qualified Stock Option Agreement Under the Boxabl Inc. 2021 Stock Incentive Plan* and possessed the option to acquire 153,521 shares of Boxabl common stock subject to vesting upon

the third anniversary of the grant date, if Tassev "continuously provide[d] services to [Boxabl] as an employee." However, Tassev's Boxabl employment ended before the vesting date, and his option never vested. On information and belief, Tassev was not otherwise a Boxabl shareholder (*e.g.*, via personal purchases of Boxabl securities). Accordingly, Tassev, as of the time he made these representations to potential investors, did not possess any Boxabl securities or vested interests in any Boxabl securities that Tassev could legally convey. Further, Tassev was not authorized by Boxabl to facilitate purchases at advantageous or discounted prices.

17. Additionally, Tassev instructed investors who were told they were purchasing shares from Tassev, as well as investors who were told they were purchasing shares from Boxabl, to send monies to Sigmas Power. Those instructions were materially false and misleading in that neither Tassev nor any other employee was authorized to direct Boxabl investors to make payments for stock to any entities or accounts which were not owned or expressly authorized by Boxabl or a duly authorized agent of or designated account for the company. Upon information and belief, the Sigmas Power account was not so owned or authorized.

18. In addition to these false and misleading statements, Tassev also prepared and entered into false and misleading *Transfer and Assignment* agreements on behalf of Sigmas Power, upon information and belief, based on actual Boxabl templates and concerning the sale of the supposed Boxabl shares, with at least three investor households.

19. Tassev also issued, or in the alternative caused Boxabl to issue, false and misleading investor welcome letters and certificates of ownership to some investors. In addition, Tassev falsified, or caused to become falsified, some Boxabl investor records by, for example, causing Boxabl's then transfer agent to show fictitious Boxabl investor shareholdings in regard to certain investors.

20. At least approximately $1.595 million in investor funds were received into a bank account in the name of Sigmas Power. The investor funds received into the Sigmas Power bank account were misappropriated and transferred to other Tassev or Tassev-controlled accounts or spent by Tassev on items including gambling, family law lawyers, and payments to investors who had previously invested in Sigmas Power.

## FIRST CLAIM FOR RELIEF

**Violations of Section 17(a)(1) of the Securities Act**

**[15 U.S.C. § 77q(a)(1)]**

21. The Commission re-alleges and incorporates by reference each and every allegation in paragraphs 1–20, inclusive, as if they were fully set forth herein.

22. By engaging in the conduct described above, Tassev, directly or indirectly, individually or in concert with others, in the offer and sale of securities, by use of the means and instruments of transportation and communication in interstate commerce or by use of the mails, employed devices, schemes, or artifices to defraud.

23. Tassev engaged in the above-referenced conduct knowingly or with severe recklessness.

24. By reason of the foregoing, Tassev violated and, unless enjoined, will continue to violate Section 17(a)(1) of the Securities Act.

## SECOND CLAIM FOR RELIEF

**Violations of Sections 17(a)(2) and (3) of the Securities Act**

**[15 U.S.C. §§ 77q(a)(2) and (3)]**

25. The Commission re-alleges and incorporates by reference each and every allegation in paragraphs 1–20, inclusive, as if they were fully set forth herein.

26. By engaging in the conduct described above, Tassev, directly or indirectly, individually or in concert with others, in the offer and sale of securities, by use of the means and instruments of transportation and communication in interstate commerce or by use of the mails,

    a. obtained money or property by means of untrue statements of material fact or omissions to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and

    b. engaged in transactions, practices, or courses of business which operated or would operate as a fraud or deceit.

27. Tassev was at least negligent in his conduct and in the untrue and misleading statements alleged herein.

28. By reason of the foregoing, Tassev violated and, unless enjoined, will continue to violate Sections 17(a)(2) and (3) of the Securities Act.

## THIRD CLAIM FOR RELIEF

**Violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b–5 [17 C.F.R. § 240.10b–5]**

29. The Commission re-alleges and incorporates by reference each and every allegation in paragraphs 1–20, inclusive, as if they were fully set forth herein.

30. By engaging in the conduct described above, Tassev, directly or indirectly, individually or in concert with others, in connection with the purchase or sale of securities, by use of the means and instrumentalities of interstate commerce or by use of the mails,

    a. employed devices, schemes, and artifices to defraud;

    b. made untrue statements of material facts and/or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and

    c. engaged in acts, practices, and course of business which operated as a fraud and deceit upon purchasers, prospective purchasers, and other persons.

31. Tassev engaged in the above-referenced conduct and made the above-referenced untrue and misleading statements knowingly or with severe recklessness.

32. By reason of the foregoing, Tassev has violated and, unless enjoined will continue to violate, Section 10(b) of the Exchange Act and Exchange Act Rule 10b–5.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court enter a final judgment:

### I.

Permanently restraining and enjoining Defendant Tassev from, directly or indirectly, engaging in conduct in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Exchange Act Rule 10b–5 thereunder [17 C.F.R. § 240.10b–5];

## II.

Permanently restraining and enjoining Defendant Tassev from, directly or indirectly, including, but not limited to, through any entity owned or controlled by Tassev, participating in the issuance, purchase, offer, or sale of any security, provided, however, that such injunction shall not prevent Tassev from purchasing or selling securities listed on a national securities exchange for his own personal account;

## III.

Ordering Defendant Tassev to disgorge all ill-gotten gains or unjust enrichment derived from the activities set forth in this Complaint, together with prejudgment interest thereon;

## IV.

Ordering Defendant Tassev to pay civil monetary penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)];

## V.

Retaining jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered, or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court; and,

## VI.

Granting such other and further relief as this Court may deem just, equitable, or necessary in connection with the enforcement of the federal securities laws and for the protection of investors.

## JURY TRIAL DEMAND

The Commission hereby demands a jury trial as to all issues so triable.

This 17th day of June, 2024.

/s/Robert K. Gordon
Robert K. Gordon
Georgia Bar No. 302482
gordonr@sec.gov

/s/William P. Hicks
William P. Hicks
Georgia Bar No. 351649
hicksw@sec.gov

/s/M. Graham Loomis
M. Graham Loomis
Georgia Bar No. 457868
loomism@sec.gov

Counsel for Plaintiff

United States Securities and Exchange Commission
950 E. Paces Ferry Road NE
Suite 900
Atlanta, GA 30326
(404) 842-7600